## MARY PETO
vs.
## FRANK BERNACKI

Superior Court      Fairfield County      File #45050

Present:  Hon. CARL FOSTER, Judge.

Delaney, Murphy & Kotler,  Attorneys for the Plaintiff.

Shannon & Wilder,      Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY 7, 1935

FOSTER, J. The plaintiff charges the defendant with having committed an assault upon her. They own adjoining lands in the town of Trumbull. The defendant claimed that the dividing fence was over on his land by 4 feet 9 inches, and he and his son removed the fence for a considerable distance and were proceeding to dig post holes for a fence upon the line that the defendant claimed to be the true and correct division line between the properties. The plaintiff was working upon her land, and, upon observing what was being done by the defendant, she summoned a constable by telephone.

When the constable arrived, the plaintiff accompanied him to the point where the defendant was working. The constable in a proper manner, addressed the defendant and while they were talking, the plaintiff came from behind the constable and attacked the defendant with her hands, slapping his face, and knocking his pipe from his mouth. The defendant extended both hands toward the plaintiff. The thumb and fingers of his left hand were extended so that he struck the plaintiff in the neck with that part of his hand between

the thumb and index finger but he did not grasp the plaintiff. The defendant struck or pushed the plaintiff so hard that she fell to the ground.

The plaintiff immediately arose and again came on to attack the defendant. As she came forward, she picked up a long handle shovel in a threatening manner. The constable attempted to take the shovel from the plaintiff but he stepped into a post hole and fell to the ground. The defendant then succeeded in taking the shovel from the plaintiff but she continued to advance to the attack. The defendant again struck or pushed the plaintiff in the same manner as he had done before and again the plaintiff fell to the ground.

The plaintiff immediately rose and a third time advanced to attack the defendant. A third time the defendant struck or pushed the plaintiff in the same manner that he had done before. Upon being so struck or pushed, the plaintiff staggered or stepped back three or four steps, and fell into some bushes in a reclining posture. The defendant, thoroughly roused and angered, followed her and kicked her with the side of the toe of his foot upon the left lower part of her abdomen. The plaintiff arose at once and accompanied the constable in an automobile to the town hall. Not to go into detail, the plaintiff later submitted to a major abdominal operation, from which she has not yet recovered.

The plaintiff for a number of years suffered from diseases of some of her abdominal organs and had been advised to submit to the very operation which was, in fact, performed upon her. It is possible that had it not been for the combat here involved the plaintiff might never have been obliged to undergo an operation; but even so, she would have suffered much pain and discomfort. This combat undoubtedly aggravated the physical disability of the plaintiff and made the operation immediately imperative.

The plaintiff is a woman of good physique and, though she is the mother of several children, she has been accustomed to doing hard work out-of-doors on the farm, as well as carrying out her household duties. She was of such size and strength on the day in question that the defendant was justified in not considering her attacks lightly. I cannot say that the plaintiff proved a fair preponderance of the evidence that the defendant used more force with his hands in repelling repeated attacks of the plaintiff than was necessary. There was

no legal justification for his kicking her, especially when she was down, even though the provocation was great and he did it in anger and heat of passion roused by the repeated attacks made upon him by the plaintiff.

The plaintiff has failed to prove by a fair preponderance of the evidence that her operation was made necessary by the excessive force used by the defendant. If the operation of the plaintiff was made necessary by such force used by the defendant as was necessary to repel the attacks of the plaintiff, he cannot be held legally liable for the results of the use of such necessary force on his part. The defendant is liable to the plaintiff in damages for any force that he used toward her in excess of that necessary to repel the plaintiff's attacks. From the evidence it can only be said that the plaintiff's prior disabilities were aggravated and made more acute by the combat herein briefly described. The defendant did use an excess of force toward the plaintiff when he kicked her.

It is adjudged that the plaintiff recover of the defendant damages of $500.